UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

RENEE HOLSCHUH
1524 North 81st Street
Milwaukee, Wisconsin 53223

       Plaintiff,

v.

LAKE CHEVROLET, INC.
4100 South 27th Street
Milwaukee, Wisconsin 53221

       Defendant

Case No. 25-cv-1854

**JURY TRIAL DEMANDED**

---

## COMPLAINT

### PRELIMINARY STATEMENT

1. This case is brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.* ("WWPCL"), by Plaintiff, Renee Holschuh, against Defendant, Lake Chevrolet, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid minimum wages, unpaid straight time (regular) and/or agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq.*

3. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or Defendant has substantial and systematic contacts in this District.

## **PARTIES**

5. Plaintiff, Renee Holschuh, is an adult female resident of the State of Wisconsin residing at 1524 North 81st Street, Milwaukee, Wisconsin 53223.

6. Defendant, Lake Chevrolet, Inc., is an entity incorporated in the State of Wisconsin with a principal office address of 4100 South 27th Street, Milwaukee, Wisconsin 53221.

7. Defendant sells and services vehicles.

8. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

9. For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

10. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

11. During Plaintiff's employment with Defendant, Plaintiff worked as an hourly-paid, non-exempt employee in the position of Inside Sales at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge in the State of Wisconsin.

12. During Plaintiff's employment with Defendant, Defendant employed more than two (2) employees.

13. During Plaintiff's employment with Defendant, Defendant's annual dollar volume of sales or business exceeded $500,000.

14. During Plaintiff's employment with Defendant, Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

15. During Plaintiff's employment with Defendant, Defendant supervised Plaintiff's day-to-day activities.

16. During Plaintiff's employment with Defendant, Defendant reviewed Plaintiff's work performance.

17. During Plaintiff's employment with Defendant, Defendant established Plaintiff's work schedules and provided Plaintiff with work assignments and hours of work.

18. During Plaintiff's employment with Defendant, Plaintiff utilized Defendant's employment policies, practices, and/or procedures in the performance of her job duties.

19. During Plaintiff's employment with Defendant, Defendant oversaw, managed, and adjudicated Plaintiff's employment-related questions, benefits-related questions, and workplace issues.

## **GENERAL ALLEGATIONS**

20. On or about July 20, 2025, Defendant hired Plaintiff into the position of Inside Sales working primarily at Defendant's Milwaukee, Wisconsin.

21. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with a bi-weekly salary of $1,500.00 per pay period, or $750.00 per workweek, in addition to earned bonuses or commissions, for any and all hours worked and work performed on its behalf, for its benefit, at its direction, and/or with its knowledge in the position of Inside Sales working at Defendant's Milwaukee, Wisconsin.

22. During Plaintiff's employment with Defendant, Defendant agreed to compensate Plaintiff with earned wages for any and all hours worked and work performed on its behalf, for its benefit, at its direction, and/or with its knowledge in the position of Inside Sales working at Defendant's Milwaukee, Wisconsin.

23. On or about October 30, 2024, Plaintiff's employment with Defendant ended.

24. During Plaintiff's employment with Defendant, and during the workweeks that covered the time period from October 16, 2025, to October 30, 2025, Plaintiff performed compensable work each workday in her position of Inside Sales and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

25. During Plaintiff's employment with Defendant, and during the workweeks that covered the time period from October 16, 2025, to October 30, 2025, Defendant was aware that Plaintiff performed compensable work each workday in her position of Inside Sales and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

26. During Plaintiff's employment with Defendant, and during the workweek(s) that covered the time period from October 16, 2025, to October 30, 2025, Plaintiff earned a total amount of approximately $1,900.00 in agreed-upon compensation and earned wages for hours worked and work performed in her position of Inside Sales and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge.

27. During Plaintiff's employment with Defendant, and during the workweeks that covered the time period from October 16, 2025, to October 30, 2025, Defendant failed to compensate Plaintiff with an effective hourly rate of at least $7.25 for any and all hours worked and work performed in her position of Inside Sales and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge, in violation of the FLSA and WWPCL.

28. Defendant did not – and to date, has not – compensated Plaintiff with any agreed-upon compensation and earned wages during the workweek(s) that covered the time period from October 16, 2025, to October 30, 2025, for hours worked and work performed in her position of Inside Sales and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge, in violation of the WWPCL.

29. Defendant did not – and to date, has not – compensated Plaintiff with all agreed-upon compensation and earned wages during the workweek(s) that covered the time period from October 16, 2025, to October 30, 2025, for hours worked and work performed in her position of Inside Sales and on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge, in violation of the WWPCL.

30. During Plaintiff's employment with Defendant, and during the workweeks that covered the time period from October 16, 2025, to October 30, 2025, Defendant suffered or

permitted Plaintiff to work without appropriately and lawfully compensating her with any and all earned and agreed-upon wages for hours worked and work performed on Defendant's behalf, for Defendant's benefit, at Defendant's direction, and/or with Defendant's knowledge, in violation of the FLSA and WWPCL.

31. During Plaintiff's employment with Defendant, Defendant knew or should have known that Plaintiff must be compensated for any and all hours worked, work performed, and/or with all agreed-upon compensation, payments, and/or wages of employment, in accordance with the WWPCL.

32. Defendant had a statutory duty to comply with the FLSA and the WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

33. As a result of Defendant's unlawful actions during Plaintiff's employment with Defendant, Defendant owes Plaintiff a total monetary amount of approximately $1,900.00, plus liquidated damages, and attorneys' fees and costs.

## FIRST CAUSE OF ACTION
### Violations of the FLSA – Unpaid Minimum Wages

34. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

35. Section 206(a)(1) of the FLSA regulates, among other things, the payment of a minimum wage by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

36. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 et seq.

37. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

38. During Plaintiff's employment with Defendant, Defendant intentionally violated the FLSA by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for any and all hours worked and work performed in the position of Inside Sales during the workweek that covered the time period of October 16, 2025, to October 30, 2025.

39. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed at a minimum rate of pay was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay minimum wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

40. As a result of the aforesaid willful violations of the FLSA's provisions, minimum wages have been unlawfully withheld from Plaintiff by Defendant.

41. Plaintiff is entitled to damages equal to the minimum wages due and owing within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting claims against Defendants.

42. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

## SECOND CAUSE OF ACTION
## Violations of the WWPCL – Unpaid Minimum Wages

43. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

44. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

45. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

46. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

47. During Plaintiff's employment with Defendant, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities in the position of Inside Sales during the workweek that covered the time period of October 16, 2025, to October 30, 2025, without receiving compensation for these activities at the hourly rate of $7.25.

48. During Plaintiff's employment with Defendant, Defendant willfully and intentionally violated the WWPCL by failing to compensate Plaintiff with an effective hourly rate of at least $7.25 per hour for all hours worked in the position of Inside Sales during the workweek that covered the time period of October 16, 2025, to October 30, 2025.

49. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid

compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

50. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendants, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION
### Violations of the WWPCL – Failure To Pay An Agreed-Upon Wage

51. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

52. At all material times herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

53. At all material times herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

54. At all material times herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

55. At all material times herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities.

56. During Plaintiff's employment with Defendant, and in accordance with Wis. Stat. § 109.01(3), Plaintiff was entitled to all agreed-upon compensation, payments, and/or wages from Defendant, as described herein, such as regular wages and bonuses and/or commissions.

57. During Plaintiff's employment with Defendant and to date, Defendant willfully failed to timely compensate Plaintiff with all agreed-upon wages or payments, as defined in Wis. Stat. § 109.01(3), including but not limited to the earned and agreed-upon compensation and wages as described herein, in violation of Wis. Stat. § 109.03(1).

58. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

59. Under Wis. Stat. § 109.11, Plaintiff is entitled to liquidated damages equal to the unpaid wages and recovery of attorneys' fees and costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid regular and/or agreed-upon wages, pre-judgment and post-judgment interest, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Grant to Plaintiff liquidated damages against Defendant;

3. Grant to Plaintiff attorneys' fees and costs; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 21st day of November, 2025

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/** ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com